UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY COLLINS

CIVIL ACTION NO.

VERSUS

JUDGE:

ELMER LITCHFIELD, SHERIFF
EAST BATON ROUGE PARISH

05-41-C-M1

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA
2005 JAN 18 P 4: 21

BY DEPUTY CLERK

************************************************************************

## COMPLAINT

The complaint of BOBBY COLLINS (hereinafter "COLLINS"), a domiciliary of the full age of majority of East Baton Rouge Parish, Louisiana, respectfully represents:

1.

Jurisdiction is founded herein to 28 U.S.C.§ 1331 (federal question) and 28 U.S.C. § 1367 (affording supplement jurisdiction over plainitiff's claims arising under Louisiana law).

2.

Venue is proper within this judicial district as the majority of the acts complained of herein occurred within this judicial district.

3.

ELMER LITCHFIELD, SHERIFF EAST BATON ROUGE PARISH (hereinafter "LITCHFIELD") a person of the full age of majority, domiciled in the Parish of East Baton Rouge, State of Louisiana is justly and truly indebted unto COLLINS for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

BW summons

4.

At all times pertinent hereto, COLINS was incarcerated in the East Baton Rouge Parish Prison. Said prison was administered by and under the direction and control of defendant, LITCHFIELD.

5.

On January 16, 2004 and again on January 17, 2004, COLLINS was subjected to the following acts while incarcerated at the East Baton Rouge Prison:

1. Threats by prison guards to attack him and beat him down;

2. Unwarranted beatings by prison guards, namely: Lt. Ewing, Cpl. Williams, Sgt. L. Harris, Deputy Bess and Deputy Ford.

3. Unwarranted and unnecessary use of a Taser Gun by prison guards, namely: Lt. Ewing, Cpl. Williams, Sgt. L. Harris Deputy Bess and Deputy Ford.

4. Failure to provide necessary medical treatment and attention for injuries received by COLLINS;

5. Failure to provide necessary psychological/psychiatric treatment for psychological/psychiatric injuries received by COLLINS;

6. Retaliation by prison guards for complaining about the attack(s) upon his person; and

7. Such other acts as will be more fully shown at trial.

6.

At all times pertinent hereto defendant LITCHFIELD knew or should have known of the situation in COLLINS' environment and acted with deliberate indifference to COLLINS' environment and acted with deliberate indifference to COLLINS' Constitutionally protected rights.

7.

COLLINS was never taken to a hospital despite his requests, and his only medical attention came in the form of a brief nurse visit. During that visit, petitioner told the nurse about the incidents involving the unwarranted attacks by prison guards and the use of the Taser gun yet nothing else was done. COLLINS shows that LITCHFIELD and his agents and assigns were deliberately indifferent to the serious and necessary medical needs, both physical and psychological/psychiatric of COLLINS. As a pre-trial/probation detainee, COLLINS further shows that LITCHFIELD and his agents and assigns violated Petitioner's due process right to be free from punishment by failing to properly and reasonably procure competent medical aid for COLLINS' physical and psychological/psychiatric injuries. COLLINS shows that LITCHFIELD's failure to provide him with necessary medical attention caused him additional injury and suffering.

8.

Upon information and belief, COLLINS alleges that LITCHFIELD knew or should have known of the intended physical attacks upon COLLINS and the actual propensity of the prison guards to employ excessive and unwarranted force upon inmates but failed to stop same.

9.

LITCHFIELD had no effective policy regarding the use of force by prison guards upon inmates, had no effective policy regarding the safety and security of the inmates in his care, custody and control, took no action to remedy the situation in COLLINS' environment, failed to provide any or proper training to its employees regarding physical altercations with inmates,

failed to take any or proper steps to prevent this behavior from occurring, and failed in its responsibility to safeguard and protect COLLINS, a person within their care, custody, and control, including failure to proved COLLINS with necessary medical and psychological/psychiatric care.

10.

At all times pertinent hereto, LITCHFIELD is a "person" acting upon color of authority within the meaning and intent of 42 U.S.C. §1983.

11.

At all times pertinent hereto, COLLINS enjoyed clearly established rights to be free from harassment and physical attack while in the facility operated by LITCHFIELD. COLLINS also enjoyed clearly established rights to be provided necessary medical attention. COLLINS further enjoyed clearly established rights to be free from cruel and unusual punishment. Said rights are clearly established pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and by operation of the due process clause. LITCHFIELD's actions served to impair and denigrate COLLINS' clearly established rights for which LITCHFIELD is liable pursuant to 42 U.S.C. §1983 and the due process clause.

12.

LITCHFIELD is liable unto Petitioner pursuant to Louisiana tort law, La. C.C. art. 2315 *et seq.*, including but not limited to, assault, battery, intentional infliction of emotional distress, abuse of rights, negligent supervision and retention, and negligence. The actions and deliberate indifference and inaction of LITCHFIELD was extreme, outrageous, sudden and unexpected, and caused COLLINS severe emotional distress and past, present, and future physical pain and suffering.

13.

LITCHFIELD acted in wanton and reckless disregard for the rights of COLLINS. COLLINS is entitled to and desires an award of punitive damages against LITCHFIELD pursuant to Federal and Louisiana Law and as allowed by law.

14.

As a result of the actions and deliberate indifference and inaction alleged herein, COLLINS sustained damages which include, but are not limited to, severe emotional distress, mental anguish, humiliation, embarrassment, lost wages from inability to return to gainful employment, past and future medical expenses, physical pain and suffering, and such other damages as will be more fully shown at trial of this matter and all for which COLLINS specifically sues for herein.

15.

COLLINS is entitled to and desires an award of attorney's fees as allowed by law.

16.

COLLINS is entitled to and desires the award of equitable and/or injunctive relief as provided by law and as deemed appropriate by this Court.

17.

COLLINS is entitled to and desires all such other relief to which he is entitled at law or in equity.

18.

COLLINS is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, BOBBY COLLINS, prays for trial by jury and after due proceedings are had that there be a judgment herein in his favor and against the defendant, ELMER LITCHFIELD, SHERIFF EAST BATON ROUGE PARISH, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, together with interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner in entitled at law or in equity.

Respectfully Submitted:

_____
BOBBY COLLINS
In Proper Person
7022 Silverleaf
Baton Rouge, Louisiana 70812
Telephone: (225) 355-0912

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY COLLINS** | **CIVIL ACTION NO.**_____ |
| **VERSUS** | **JUDGE:**_____ |
| **ELMER LITCHFIELD, SHERIFF** <br> **EAST BATON ROUGE PARISH** | |

*********************************************************************

VERIFICATION

PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

BEFORE ME, Notary Public, personally came and appeared:

BOBBY COLLINS

A domiciliary of the full age of majority of East Baton Rouge Parish, Louisiana, who upon being duly sworn did depose and state that he is the Petitioner in the above and foregoing Complaint and that all facts and allegations contained therein are true and correct to the best of his knowledge, information, and belief.

BOBBY COLLINS

SWORN TO AND SUBSCRIBED before me, Notary Public, this 18th day of January, 2005.

JAMES P. MANASSEH
Notary Public
La. Bar Roll No.: 19022